```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

RUSSELL PEELER,                    :
       Plaintiff,                  :
V.                                 :    CASE NO. 11cv1370 (RNC)
U.S. DEPARTMENT OF JUSTICE,        :
       Defendant.                  :
```

## RULING AND ORDER

Plaintiff Russell Peeler, a Connecticut inmate proceeding pro se, brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The case arises from a FOIA request the plaintiff submitted to the Drug Enforcement Administration ("DEA"), seeking records relating to an investigation. The Department of Justice ("DOJ") has moved for summary judgment (ECF No. 23) on the ground that it has satisfied its obligation under FOIA to conduct an adequate search for the requested records. For reasons that follow, the motion is granted.

I. Background

The undisputed facts, taken from the parties' Local Rule 56 statements and attached exhibits, are as follows. By letter dated May 26, 2011, plaintiff made a FOIA request to the DEA for "all the phone calls to and from Target [telephone number] (203) 373-0780 on 1-07-1999." Def.'s Ex. A (ECF No. 23-4). The plaintiff attached a document identified as a DEA "Calls Database

1

Listing" for the target number.  Id.  On June 17, 2011, the DEA sent a letter to the plaintiff acknowledging receipt of his request.  The letter stated that because the plaintiff was seeking investigative records located in various field offices, his request involved "unusual circumstances" and the DEA would require additional time to respond.  See Def.'s Ex. B (ECF No. 23-4).

On July 18, 2011, plaintiff contacted the Office of Government Information Services ("OGIS") to "express his "concern[] about the DEA's delay in responding to [his] request." Pl.'s Ex. D (ECF No. 26-2) at 14.  The Director of OGIS responded that "[d]elays, while regrettable, are not unusual in the FOIA . . . process."  The Director added that the DEA had informed OGIS that the plaintiff's request was being processed and that "a search [had] identified one responsive file, which must be retrieved from a field office."  Id.

On July 26, 2011, plaintiff sent a letter to the DOJ complaining about the DEA's delay in responding to his FOIA request.  See Def.'s Ex. C (ECF No. 23-4).  After receiving no response, plaintiff filed this action on August 30, 2011, alleging that "It's been beyond thirty business days since my FOIA was received" and that the DEA "has been particularly dilatory in seeking to address my FOIA request."  Compl. (ECF No. 1) at ¶ 3.  Plaintiff asked the Court to "instruct the

defendant[] to adhere to [FOIA] and turn over the requested information."  Id.

On September 13, 2011, DOJ's Office of Information Policy ("OIP") notified the plaintiff that it was treating his July 26, 2011 letter as an administrative appeal challenging the DEA's handling of his FOIA request.  See Def.'s Ex. D (ECF No. 23-4).  Plaintiff responded that he did not request an appeal and was still waiting for a response to his FOIA request from the DEA.  See Def.'s Ex. E (ECF No. 23-4).  On October 13, 2011, OIP informed the plaintiff it had contacted the DEA and been advised that his request was being processed.  Def.'s Ex. F (ECF No. 23-4).

The DEA responded to plaintiff's FOIA request by letter on December 1, 2011, notifying him that no records responsive to his request "for a complete listing of all incoming and outgoing calls to and from telephone number (203) 373-0780 on January 6, 1999 . . . could be located."  Def.'s Ex. G (ECF No. 23-4).  The DEA sent another letter to the plaintiff on January 4, 2012, correcting the search date to January 7, 1999.  Def.'s Ex. H (ECF No. 23-4).  Plaintiff appealed to OIP on January 18, 2012.  Def.'s Ex. I (ECF No. 23-4).  By letter dated April 30, 2012, OIP informed the plaintiff that because he had filed this suit it was closing his appeal in accordance with 28 C.F.R. § 16.9 (a)(3).  Def.'s Ex. K (ECF No. 23-4).

On May 3, 2012, plaintiff filed an amended complaint in this action and attached a DEA "Hot Number List," which he alleged "demonstrated [that] a phone call [from (203) 373-0780] existed on January 7, 1999." Am. Compl. (ECF No. 18) at 5. The DOJ subsequently filed the present motion for summary judgment, attaching in support a declaration summarizing the policies and practices of the DEA and detailing the steps the agency took to comply with plaintiff's FOIA request. See Declaration of William C. Little, Jr. ("Little Declaration") (ECF No. 23-3). The signer of the declaration, William C. Little, Jr., is a Senior Attorney in the Administrative Law Section of the DEA charged with reviewing FOIA matters.

The Little Declaration shos the following. DEA maintains telephone call information relating to criminal investigations in case files in the agency's Investigative Reporting and Filing System ("IRFS") and the "DEA Tolls" database. See id. at ¶ 16-17. The DEA Tolls database consists of "telephone numbers, records of incoming and outgoing telephone calls keyed to a target telephone number, subscriber records and email data." Id. at ¶ 18. This database can be searched electronically by telephone number, subscriber name and address. Id. In accordance with a National Archives and Records Administration disposal schedule, toll information is destroyed ten years after entry into the database. Id. at ¶ 19.

The DEA construed plaintiff's FOIA request as a request for any and all records pertaining to phone calls to and from the target number (203) 373-0780 on January 7, 1999.  Id. at ¶ 16.  A November 11, 2011 query of the DEA Tolls database using this telephone number yielded no results.  Id. at ¶ 19.  On May 17, 2012, the DEA also performed a search of the Narcotics and Dangerous Drugs Information System ("NADDIS"), which is used by the agency to index all the administrative, general and criminal investigative files stored in the IRFS.  Id. at ¶¶ 20-23.  Information about a telephone number can be retrieved by entering the number into NADDIS.  Id. at 22.  The May 17 query indicated that the target telephone number was associated with only one investigative file: DEA Investigative File No. CV-99-0008.  Id. at ¶ 23.  Mr. Little proceeded to personally search that file and found no record reflecting calls to or from the target number.  Id. at ¶ 23-24.  In short, the Little Declaration shows that DEA searched for the information sought by the plaintiff in areas likely to contain responsive materials and no responsive materials were found.  Id. at 25.

II.  Legal Standard

The FOIA provides that "any member of the public is entitled to have access to any record maintained by a federal agency, unless that record is exempt from disclosure under one of the Act's nine exemptions."  A. Michael's Piano, Inc. v. F.T.C., 18

5

F.3d 138, 143 (2d Cir. 1994).  "A requester dissatisfied with the agency's response that no records have been found may challenge the adequacy of the agency's search by filing a lawsuit in the district court after exhausting any administrative remedies." Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999) (citing 5 U.S.C. § 552(a)(6)(A)(I) & (C)).

"As with all motions for summary judgment, summary judgment in a FOIA action should be granted only if the moving party 'shows that there is no genuine issue as to any material fact and the [moving party] is entitled to judgment as a matter of law.'" Godaire v. U.S. Dept. of Justice, No. 3:10cv01266(MRK), 2011 WL 3047656, at *2 (D. Conn. July 25, 2011) (citing Fed. R. Civ. P. 56(a)).  To prevail on a motion for summary judgment in a FOIA case, "the defending agency bears the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA."  Carney v. Department of Justice, 19 F.3d 807, 812 (2d Cir. 1994).  The adequacy of the agency's search is judged by a standard of reasonableness.  See Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 489 (2d Cir. 1999) ("[A]n agency's search need not be perfect, but rather need only be reasonable.").

Affidavits may be used to obtain summary judgment in an action under the FOIA.  Long v. Office of Pers. Mgmt., 692 F.3d 185, 190 (2d Cir. 2012).  To satisfy its burden at the summary

judgement stage, the defendant agency may rely on "[a]ffidavits or declarations supplying facts indicating that the agency has conducted a thorough search." Carney, 19 F.3d at 812.  "This means, for instance, that an agency affidavit or declaration must describe in reasonable detail the scope of the search and the search terms or methods employed." Serv. Women's Action Network v. Dep't of Def., 888 F. Supp. 2d 231, 240-41 (D. Conn. 2012); see also Valencia-Lucena, 180 F.3d at 326 ("[T]he court may rely on [a] reasonably detailed affidavit setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.").[1]  Agency affidavits are accorded a presumption of good faith. Cuomo, 166 F.3d at 489 (2d Cir. 1999).  To rebut this presumption, the "plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations." Id.  The presumption "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." Id.

---

[1] "An affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy Rule 56(e); there is no need for the agency to supply affidavits from each individual who participated in the actual search." Carney, 19 F.3d at 814; see also Serv. Women's Action Network, 888 F. Supp. 2d at 240-41 (D. Conn. 2012) (finding a declaration of a "second line supervisor" who "doesn't seem to have actually supervised the search, but seems to have been an attenuated supervisor of a person who did" sufficient where declarant provided a "thorough description of the search" and "reasons why certain actions were taken").

(internal quotation marks omitted); see also Carney, 19 F.3d at 813 ("[S]omething more than [] bare allegations is needed.").

III. Discussion

The DOJ moves for summary judgment on the ground that its search was adequate. In support of its motion, it relies on the declaration of Mr. Little, who avers that he has worked with FOIA matters since 1999, that he has received formal FOIA training, and that he is "familiar with the DOJ and DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA." See Little Decl. at ¶ 1-2. His declaration describes the methods the DEA uses to gather and store investigative information and details the process the agency used to search for records responsive to the plaintiff's request. As shown by the Little Declaration, a search was conducted of the DEA Tolls database and the NADDIS index using the target telephone number and Mr. Little personally searched investigative case file No. CV-99-0008, which contained no responsive records.

The plaintiff contends that the DEA's search was inadequate because the agency has failed to produce two documents he already has in his possession: the "Calls Database Listing" attached to his FOIA request showing that a call was made from the target number on January 7, 1999, see Pl.'s Ex. B (ECF No. 26-2), and the "Hot Numbers List" attached to his amended complaint showing

a call from the target number on the same date.  <u>See</u> Pl.'s Ex. C (ECF No. 26-2).  He asserts that these documents "impugn[] the government's affidavits" purporting to show that "there were no responsive records."  Pl.'s Mem. in Opp'n to Summ. J. (ECF No. 26) at 4, 6.  The Little Declaration states that "there are a number of factors that could explain why such records from 1999 were not located in the local database or DEA Tolls, . . . includ[ing] not inputting such data into one or both systems and/or purging."  Little Decl. at ¶ 25.

"When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request, the factual question it raises is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant."  <u>SafeCard Services, Inc. v. S.E.C</u>, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  Under this standard, plaintiff's showing that the DEA's search failed to discover the documents in his possession dating from 1999 is insufficient to create a genuine issue of material fact as to the adequacy of the search.  <u>See</u> <u>id.</u> ("Mere speculation that [other] documents may exist does not undermine the finding that the agency conducted a reasonable search."); <u>Schoenman v. F.B.I.</u>, 763 F. Supp. 2d 173, 204 (D.D.C. 2011) ("Because the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry

out the search, . . . the mere fact that a particular document was not found does not demonstrate the inadequacy of a search." (internal quotation marks and citations omitted)); Ferguson v. U.S. Dept. of Educ., No. 09 Civ. 10057(FM), 2011 WL 4089880, at *10 (S.D.N.Y. Sept. 13, 2011) ("[A]n agency's search may be sufficient under FOIA even if it does not uncover every record that a plaintiff believes is relevant and likely to exist in the agency's files."); Adamowicz v. I.R.S., 672 F. Supp. 2d 454, 462 (S.D.N.Y. 2009) aff'd, 402 F. App'x 648 (2d Cir. 2010) ("[F]ailure to return all responsive documents is not necessarily inconsistent with reasonableness: an agency is not expected to take extraordinary measures to find the requested records, but only to conduct a search reasonably designed to identify and locate responsive documents." (internal quotation marks omitted)).  Indeed, this Court considered and rejected a similar argument made by the plaintiff in a 2010 FOIA case.  See Recommended Ruling (ECF No. 24) at 11, Peeler v. Myrick, No. 10 Civ. 540(RNC) ("[T]he plaintiff's belief that additional responsive records exist does not render the DOJ's search inadequate.").[2]

---

[2] Plaintiff also appears to be arguing that the letter he received from OGIS stating that a DEA "search identified one responsive file, which must be retrieved from a field office," see Pl.'s Ex. D, contradicts the conclusion that there were no responsive records.  However, OGIS's representation that there was one responsive file associated with number (203) 373-0780 is entirely consistent with Little's declaration that "A NADDIS

The Little declaration setting forth in reasonable detail the scope of the search and the search terms and methods the DEA employed demonstrates that the agency's search was reasonably calculated to discover documents responsive to the plaintiff's FOIA request.  See Penny v. U.S. Dep't of Justice, 712 F. Supp. 2d 18, 22 (D.D.C. 2010) (finding a DEA paralegal's declaration that she searched the NADDIS index and found no responsive records sufficient to demonstrate an adequate search, absent "specific evidence calling into question the reasonableness of the defendant's search efforts").  As plaintiff has submitted no evidence sufficient to rebut the presumption of good faith the Court must accord the Little Declaration, DOJ has met its burden of showing that it is entitled to summary judgment.

## IV. Conclusion

Accordingly, the motion for summary judgment (ECF No. 23) is hereby granted.  The Clerk may close the file.

So ordered this 30th day of September 2013.

>             /s/ RNC
>         Robert N. Chatigny
>     United States District Judge

---

query . . . indicated that the telephone number was associated with a single investigative file-DEA Investigative File No. CV-99-008."  Little Decl. at ¶ 23.